United States v. Bowman

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand thirteen.

PRESENT:
        DENNIS JACOBS,
            *Chief Judge*,
        ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
            Circuit Judges.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

        v.                                          12-2302

JOSEPH BOWMAN, AKA JOSEPH M.
BOWMAN,

                    *Defendant-Appellant*.

_____

**FOR APPELLEE:**                    LISA M. FLETCHER (Rajit S. Dosanjh, Brenda K. Sannes, on the brief) for Richard S. Hartunian, United States Attorney for the Northern District of New York.

**FOR DEFENDANT-APPELLANT:**    DEVIN McLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Defendant-appellant Joseph Bowman appeals from the district court's sentence of 276 months of incarceration for his crimes associated with his transportation, receipt, and possession of child pornography. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. Bowman argues that his sentence is substantively unreasonable. This Court will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (quotation omitted and emphasis removed). The sentence must be "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

Bowman contends that his sentence is substantively unreasonable because the Guidelines Section 2G2.2 enhancements inflated his sentence to a shocking extent. He relies heavily upon United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), in which a 240-month sentence for one count of distribution of child pornography was found substantively unreasonable. The Dorvee court attacked as "irrational[]" Section 2G2.2 sentencing enhancements that "routinely result in Guidelines projections near or exceeding the statutory

2

maximum, even in run-of-the-mill cases." Id. at 186-87. The enhancements increased Bowman's sentence by more than half over the statutory maximum for his underlying crimes.

Bowman's reliance on Dorvee is misplaced. First, Bowman had actually assaulted his daughter, resulting in a five-level enhancement that is hardly controversial, and that was not a factor in Dorvee. Second, the procedural errors involved in Dorvee are not present here. Third (and most importantly) the sentence in Dorvee was at the maximum end of the Guidelines range. Id. at 184-85. Here, the court specifically considered the relevant Section 3553 factors, as well as Dorvee's critique of Section 2G2.2, and granted a departure of seven years *below* the Guidelines maximum. Under these circumstances, there can be little doubt that the resulting sentence was "located within the range of permissible decisions," and was not substantively unreasonable. See Cavera, 550 F.3d at 189 (quotation omitted).

2. Bowman received consecutive sentences for possession of child pornography under Section 2252 A(a)(5)(B) and for receipt of child pornography under Section 2252 A(a)(2). He argues this constituted double jeopardy because it is impossible to receive pornography without also possessing it. When one offense is entirely subsumed into the other, it is the "same offense" for double jeopardy purposes. Ball v. United States, 470 U.S. 856, 861-64 (1985) (statutes directed at receipt and possession of a firearm implicate double jeopardy, since proof of receipt necessarily includes proof of possession).

A valid guilty plea constitutes a waiver of any double jeopardy claims. United States v. Broce, 488 U.S. 563, 569 (1989). A small exception to that rule arises when charges are facially duplicative of one another. Id. at 575. The key question therefore is whether the receipt and possession counts were duplicative at the time that Bowman entered his plea.

They were not. During the hearing on Bowman's change of plea, the government drew the distinction that the possession files were "exclusive of the two [that were] previously described as being received via Limewire." Hr'g

3

Tr. at 19, ECF No. 50.  Both Bowman and his attorney agreed with the government's description.  His argument was therefore waived.

Moreover, Bowman failed to present this argument below when he pled guilty.  While "plain error that affects substantial rights may be considered even though it was not brought to the [lower] court's attention," Fed.R.Crim.P. 52(b), there was none here.  There is no double jeopardy problem where the receipt and possession counts of a conviction were based upon different files.  See United States v. Irving, 554 F.3d 64, 79 (2d Cir. 2009) ("If the jury's verdicts on [receipt] and [possession] were based on different images, there was no double jeopardy violation in the entry of judgment on both counts.").

We have considered all of Bowman's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4